UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AHMED J. ALBAYDANY,

                    Petitioner,                  Case No. 19-CV-12946
                                                        Hon. Thomas L. Ludington

v.

JOE BARRETT,

                    Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Ahmed J. Albaydany ("Petitioner") filed this habeas case seeking relief under 28 U.S.C. § 2254 on October 07, 2019. ECF No. 1. Petitioner was convicted after he pled no contest in the Wayne Circuit Court to operating a vehicle while intoxicated – causing death Mich. Comp. Law § 750.625(4)(a). Petitioner was sentenced on July 10, 2018 under the terms of his plea agreement to four to fifteen years in prison. ECF No.1 at PageID.2.

Petitioner raises two claims: (1) Petitioner's right to due process was violated when an Arabic interpreter was not provided at every hearing and (2) trial counsel was ineffective for failing to properly advise Petitioner of the sentencing consequences of his plea. ECF No. 1 at PageID.6. The Petition will be denied because the claims are without merit. A certificate of appealability will be denied, as will the application for leave to appeal in forma pauperis.

# I.

On the evening of February 17, 2017, several cars were stopped at a red light on Michigan Avenue in Dearborn. As the light turned green, Petitioner approached the intersection at approximately fifty-five miles per hour. His van struck a vehicle waiting at the light without breaking. The vehicle Petitioner struck rolled nearly two-hundred yards from the point of impact, killing the eighty-year-old driver. Blood tests demonstrated that Petitioner was under the influence of Carisoprodol, Amphetamine, Alprazolam, and Hydrocodone at the time of the collision. ECF No. 6-4 at PageID.89–91, ECF No. 6-5 at PageID.105. Petitioner was charged with the instant offense.

At Petitioner's arraignment, his retained counsel indicated that his client would stand mute to the new charges. A plea of not guilty was entered by the court. The record does not indicate that an interpreter was present at this proceeding. ECF No. 6-2 at PageID.65–67.

At the final pretrial conference, Petitioner's retained counsel communicated that Petitioner was waiving his right to a jury trial. ECF No. 6-3 at PageID.71–72. Petitioner was placed under oath. *Id.* at PageID.72. Defense counsel examined Petitioner. Petitioner testified that he understood he was charged in two cases. He affirmed his understanding that he had a right to be tried by jury. Petitioner testified he wished to waive the right to a jury trial and to be tried by a judge. Petitioner affirmed that he was waiving his right voluntarily and that no one was forcing him to do so. *Id.* at PageID.72–75. The Court then questioned Petitioner to verify that he knew that the Court would be the one making the determination after trial whether he was guilty. Petitioner again acknowledged his desire to waive his right to a jury trial. *Id.* at PageID.74–75. The record indicates that no interpreter was present at this proceeding.

At the next court proceeding on May 15, 2018, defense counsel explained that Petitioner had entered into a plea agreement. ECF No. 6-4 at PageID.80. An interpreter was present for this proceeding. *Id.* at PageID.81. The interpreter told the Court that he was a qualified court interpreter in the Arabic language. *Id.* The interpreter testified under oath that he would accurately interpret from English to Arabic and from Arabic to English during the hearing. *Id.*

The Court indicated that it had been presented with a signed settlement offer and notice of acceptance. *Id.* at PageID.81–82. The prosecutor placed the terms of the plea agreement on the record: Petitioner would plead guilty to operating a vehicle while intoxicated – causing death, and there was "a sentence agreement of four to fifteen years, in the Michigan Department of Corrections." *Id.* at PageID.82. The prosecutor also agreed to dismiss the embezzlement case. *Id.* Defense counsel acknowledged that this was an accurate recitation of the agreement. *Id.*

Petitioner was then placed under oath. *Id.* at PageID.83. Petitioner was thirty-three years old. He affirmed that he spoke with his attorney about the two cases. He indicated his understanding that one case involved allegations that he operated a vehicle while impaired and caused a death. *Id.* at PageID.83. When informed about the embezzlement case, Petitioner indicated that "it's only an allegation - it's not true." *Id.* at PageID.84. Petitioner also indicated his understanding that there was a probation violation charge. *Id.*

The Court then addressed the terms of the plea agreement:

THE COURT: And have you discussed all of these three cases with Mr. Hammoud [defense counsel]?

DEFENDANT: Yes.

THE COURT: And do you understand the terms of the plea and sentence agreement, that Ms. Strace [the prosecutor] just stated on the record?

DEFENDANT: What is that, I don't understand that, Your Honor?

- 3 -

THE COURT:  Okay. I'm referring to a piece of paper, that I'm holding right now, that you signed. Have, have - did you, did you sign this piece of paper?

DEFENDANT: Yes.

THE COURT:  Okay. So, my question is, did you discuss all of these cases, with Mr. Hammoud?

DEFENDANT (Spoken himself): Yes.

DEFENDANT: Yes.

THE COURT: And do you understand the plea terms, and the sentence terms, for all the cases?

DEFENDANT:  Yes, I, I, I know that.

THE COURT: All right. Has Mr. Hammoud answered all your questions, to your satisfaction?

DEFENDANT: Yes.

THE COURT: Okay. Are you asking me, the Judge, to accept this agreement, that you reviewed, and signed?

DEFENDANT (Spoken himself): Yes.

DEFENDANT: Yes.

*Id.* at PageID.84–85.

The Trial Court then informed Petitioner of the rights he would be waiving by entry of his guilty plea. Petitioner expressed his understanding and desire to do so. *Id.* at PageID.86–87.

Petitioner denied that anyone had promised him anything other than what was contained in the agreement and revealed on the record. *Id.* at PageID.88. He also denied that anyone had threatened him in anyway to obtain his plea. *Id.* Petitioner indicated that it was his own decision to plead guilty. *Id.* The court found that Petitioner's plea was made knowingly and voluntarily. *Id.* at PageID.92.

At the sentencing hearing conducted on July 10, 2018, the court again placed an Arabic language interpreter under oath. ECF No. 6-5 at PageID.100. The Court indicated that there was a sentence agreement. *Id.* at PageID.101. Petitioner disputed the restitution amount for the victim's funereal expenses. *Id.* at PageID.107. The court imposed the agreed-upon sentence of four-to-fifteen years in prison. *Id.* at PageID.111.

Petitioner obtained appellate counsel who filed a motion to withdraw the plea and oral argument was heard on February 14, 2019. ECF No. 6-6 at PageID.118. An Arabic language interpreter was present during the hearing on the motion. *Id.* at PageID.119–20. Counsel emphasized that while there was an interpreter present at the plea acceptance hearing, there was not one present at the previous two hearings. *Id.* at PageID.123–24. Counsel stated that at the plea acceptance hearing, Petitioner stated that he did not understand the terms of the agreement. *Id.* at PageID.124–26. Counsel stated that Petitioner's trial counsel told Petitioner prior to the plea that he would only receive house arrest with a tether. *Id.* at PageID.127.

The court denied the motion:

> [I]t should be noted that, at that May 15th hearing, uh, Mr. Albaydany, uh, did have a qualified, or certified interpreter there, that assisted in making the record, in translating from English to Arabic, and from Arabic to English, just like we have here, today.… I'm certain the record indicates that, uhm, Mr. Albaydany, uh, that it was his decision, and his decision alone, to enter a plea. Uh, that is in the record. Uhm, so, uh, the question is, was there a defect in the plea? Uhm, the record speaks loudly, and clearly, that there was a certified interpreter, uh, at the plea taking, and at the sentencing. Uh, the interpreter, uh, communicated with the defendant, the terms of the plea. That's what the record shows. Uhm, when there was an occasion where, perhaps the defendant did not understand a question, that question was clarified, and then the defendant responded affirmatively, that he understood. Uh, the record does not indicate any point where the defendant's attorney was telling him what to say. Uhm, again, at the time of the sentencing, there was no statement, no representation, that the defendant did not understand, uh, the sentence agreement, or the sentence.… the record indicates that Mr. Albaydany understood what was going on, and why he was there. Uh, based on the entirety of the record, uh, the Court must deny Mr. Albaydany's, uh, motion to withdraw his plea.

*Id.* at PageID.130–35.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals that raised two claims:

> I. Were Appellant's due process rights violated during the trial court proceedings without an Arabic interpreter present at all hearings this resulting in an unknowing, involuntary plea?

> II. Was trial count ineffective for giving objectively unreasonable legal advice without which appellant would not have pled guilty?

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Albaydany*, No. 347938, (Mich. Ct. App. April 17, 2019). Petitioner applied for leave to appeal this decision in the Michigan Supreme Court, but his application was denied by standard order. *People v. Albaydany*, 932 N.W.2d 629 (Mich. 2019) (Table).

## II.

28 U.S.C. § 2254(d) curtails federal habeas review of state convictions for claims adjudicated on the merits by state courts. A habeas petitioner must demonstrate that the state court adjudication was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court law. *Id.* A decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

Under this standard, a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination

that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III.

Petitioner's central claim is that he was unaware of the sentencing consequences of his guilty plea. He asserts that his trial counsel promised him before the plea hearing that he would only serve two-years of home confinement. He asserts that he expressed his lack of understanding during the plea hearing, but the court and interpreter inadequately explained the agreement to him. Petitioner also asserts that the absence of an interpreter at the first two pretrial proceedings alone warrants reversal of his conviction.

The trial court rejected the claims on the merits because Petitioner was afforded an interpreter at the plea acceptance hearing, the agreement was explained to him on the record and in the written agreement, he also said that he understood, and he expressed no surprise at the sentencing hearing when the agreed-upon sentence was imposed. The Michigan Court of Appeals summarily rejected the claim on the merits. The state courts' adjudication of this claim was not unreasonable.

To be valid, a guilty plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Courts must consider all the relevant circumstances when determining whether a plea was voluntary. *See id.* at 749. When a prisoner brings a federal habeas petition that challenges his guilty plea, "the state generally satisfies its burden by producing a transcript of the state court proceeding[s]" showing that the plea was made voluntarily. *See Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).

Petitioner's claim that he pled no contest under the mistaken belief that he would receive two-years house arrest is contradicted by the record during the plea acceptance hearing. As described in detail above, the Court informed Petitioner during the plea acceptance hearing that he would be sentenced to 4-to-15 years in prison, as did the written plea agreement. After initially expressing some confusion, Petitioner confirmed for the court that he understood the agreement, and he denied that he had any questions. And at the sentencing hearing, Petitioner did not raise any objection when the sentence of 4-to-15 years in prison was discussed and imposed.

To the extent that Petitioner asserts that he was misadvised by his trial counsel prior to the plea or simply subjectively misunderstood the sentence agreement, any such misunderstanding was dispelled during the plea acceptance hearing when he denied that he had any understanding of the agreement other than what was placed on the record. The Court specifically asked Petitioner whether anyone had promised anything other than what was placed on the record, and he denied that any other promises were made. Where, as here, "the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).

Next, to the extent that Petitioner argues that his misunderstanding was the result of a poor translation of the plea proceeding into his native Arabic, the trial court essentially rejected that assertion as a factual matter. *See United States v. Riascos-Suarez*, 73 F.3d 616, 621–22 (6th Cir. 1996) (defendant's limited understanding of English did not provide a sufficient reason for withdrawing a plea when, during the plea hearing, the court took pains to ensure that defendant understood proceedings, an interpreter was present, and defendant stated that he understood his plea) (abrogated on other grounds by *Muscarello v. United States*, 524 U.S. 125, 138 (1998)).

Petitioner offered no evidence to the trial court at his postconviction proceeding, and he proffers none here, that the translation was deficient or incorrect.

Finally, Petitioner asserts that he is entitled to relief because no interpreter was present at his arraignment or jury trial waiver proceedings. An unconditional guilty plea, however, constitutes a waiver of all pre-plea non-jurisdictional errors. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Seeger v. Straub*, 29 F. Supp. 2d 385, 390 (E.D. Mich. 1998). A no-contest plea also constitutes a waiver of all non-jurisdictional defects. *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982). Any errors during these prior proceedings were waived by Petitioner's plea.

Because none of Petitioner's claims merit relief, the petition will be denied.

## IV.

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his claims because they are devoid of merit.

Finally, Petitioner is denied permission to appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

## V.

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to appeal in forma pauperis is **DENIED**.


Dated: October 22, 2020                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge


PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Ahmed J. Albaydany** #301145, COOPER STREET CORRECTIONAL FACILITY, 3100 COOPER STREET, JACKSON, MI 49201 by first class U.S. mail on October 22, 2020.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager